**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ABDEL FATTAH,

      Plaintiff,

        v.

MOORE SMEAL, *et al.*,

      Defendants.

CIVIL ACTION NO. 3:CV-12-0613

(JUDGE CAPUTO)

## MEMORANDUM

### I. Introduction

Abdel Fattah, an inmate at the State Correctional Institute at Rockview ("SCI-Rockview") commenced this action "to address the violations of Fattah's protected Federal Rights and other Violations of Federal and State Laws." (Compl.) The Complaint, titled "Emergency Petition for Writ of Habeas Corpus by Prisoner in State Custody, under 42 U.S.C. § 1983, and Motion for Injunctive Relief," indicates that:

> this action is for deprivation of right, conspiracy to interfere with civil rights, denial of medical treatment for a life threatening illness, excessive use of force and restraint, cruel and unusual punishment, denial of access to court and retaliation for exercise of speech, freedom of religious and related state and federal claims, such as discrimination, harassment, equal protection, assault, conspiracy to commit assault, destroying personal property, seizure, threats with bodily harm, slavery, causing life threatening illness, and perjury.

(*Id*.)

Mr. Fattah also seeks to proceed *in forma pauperis*. (Doc. 6.) The Complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915. Mr. Fattah's request to proceed *in forma pauperis* will be granted, and he will be afforded an opportunity to file an amended complaint.

### II. Legal Standard

A complaint filed *in forma pauperis* may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §

1915(e)(2)(B). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570, 550 U.S. 544, 127 S. Ct. 1955 at 1974, 167 L.Ed.2d 929. Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting Twombly, 550 U.S. at 556, 127 S. Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoted case omitted).

In resolving the motion to dismiss, the Court conducts "a two-part analysis." *Fowler*, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. *Id*. at 210–11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoted case omitted). In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with

its factual averments. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008).

Finally, *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips*, 515 F.3d at 245–46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

## III. Discussion

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580–81 (3d Cir. 2003). Personal involvement in the alleged wrongs is necessary for the imposition of liability in a civil rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249–50 (3d Cir. 2003); *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988). There is no *respondeat superior* liability in § 1983 actions, *Evancho*, 423 F.3d at 353, and a civil rights complaint is adequate if it states the conduct, time, place, and persons responsible for the alleged civil rights violations. *Id*.

Clearly Mr. Fattah is dissatisfied with the conditions of his confinement at SCI-Rockview. However, viewing Mr. Fattah's Complaint in this matter, it is entirely unclear what claims are asserted against which of the over sixty specifically named Defendants or the other forty Doe Defendants. It would be difficult, if not impossible, to attempt to (1)

3

delineate which defendants are alleged to be involved with each claim; and (2) establish the facts upon which Mr. Fattah relies to support each claim.[1]  Rule 8(a) does not require that the defendants or the Court, review the Complaint in its current form, as it would be impossible for a defendant to file a response to it.  The Court nor Defendants should be required to sift through a tome of allegations to piece together those claims. *See Albrechtsen v. Bd. of Regents of Univ. of Wis. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002) ("Judges are not like pigs, hunting for truffles buried in the record.") (internal quotations omitted).  As such, the Complaint in its entirety is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

However, because it may be possible for Mr. Fattah to remedy this deficiency, he will be granted twenty-one days to submit an amended complaint.  If Mr. Fattah decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint."  In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Mr. Fattah is advised that any amended complaint he may file supercedes the original complaint and must be "retyped

---

[1]     Although titled as an "emergency petition for writ of habeas corpus," Mr. Fattah's pleading asserts civil rights claims. *See, e.g., Barroca v. Maggy*, 84 F. App'x 849 (9th Cir. 2003) ("Because Barroca seeks emergency medical care, the district court properly construed his 28 U.S.C. § 2241 habeas petition as a 42 U.S.C. § 1983 civil rights complaint.").  Yet, after commencing this action, Mr. Fattah indicated that he wished to have his submission construed as a habeas petition. (Doc. 9.)  However, Mr. Fattah is not challenging "the legality of his confinement." *Long v. Parker*, 390 F.2d 916, 818 (3d Cir. 1968).  Rather, his challenges to the state court proceedings in this case also relate to the denial of his requests for medical treatment, which should be raised in a civil rights action. *See, e.g., Robertson v. Fed. Bureau of Prisons*, No. 12-cv-322, 2012 WL 871218 (M.D. Pa. Feb. 21, 2012).

or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the original complaint which are not alleged in an amended complaint are waived.

Mr. Fattah is also directed that his amended complaint must be concise and direct. *See* Fed.R.Civ.P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements. *Id*. The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 343, 129 S. Ct. at 1948–49. He also shall specify the relief he seeks with regard to each claim. Mr. Fattah's failure to file an appropriate amended complaint within the required time will result in the dismissal of this action without prejudice.

An appropriate order follows.


October 31, 2012                                   /s/ A. Richard Caputo
Date                                                    A. Richard Caputo
                                                          United States District Judge